OPINION
Defendant Shawn Parrish appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which convicted and sentenced him for one count of failure to provide change of address notification in violation of R.C. 2950.05 (A). Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE CONVICTION OF THE DEFENDANT-APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The record indicates appellant is a convicted sex offender whose probation was transferred from North Carolina to Ohio. As a convicted sex offender living in Ohio, appellant is subject to Ohio's sexual predator law. Specifically, appellant is classified as a sexually oriented offender, and subject to the provisions of R.C. Title 2950. The statute requires appellant to provide notice of his new address to the sheriff with whom he has most recently registered, at least seven days prior to the change of address. The record indicates appellant did move to a new residence on several different occasions, and complied with the statute in providing notice each time. The last listed address the sheriff had for appellant was 255 Elmwood Avenue, Newark, Licking County, Ohio.
In November of 1999, appellant's probation officer, Kelly C. Miller, received reports appellant was harboring a 15 year old runaway. Miller went to the Elmwood address to discuss the matter with him. Although appellant was not there at the time, eventually he did discuss the situation with Miller.
Approximately 10 days after the discussion, Miller received notice from the sheriff that the problem had not been resolved, but when Miller went to the Elmwood address no one was there. Miller spoke with a neighbor, who informed Miller the landlord had instructed appellant to leave the residence. Several days later, appellant was arrested by police with the underage girl. Upon investigation, Miller learned from the girl they had been living in two tents on a hill off Buena Vista Drive. Officer Miller went to the site, and found the tents, appellant's work ID and other documents with his name on it, clothing, two cats and cat food. Officer Miller conceded there was no mailbox or address at the tent where appellant had been living.
Appellant concedes the Revised Code requires him to provide written notice of his change of address at least seven days prior to moving. Failure to provide statutory notification subjects the offender to an additional felony charge. Appellant urges he was evicted from his residence with less than a week's notice, and was homeless, such that he had no new address to provide to the sheriff's department.
Edward E. Caulfield, appellant's former landlord, testified at his trial. Caulfield testified he went to check on appellant at the Elmwood address, both because his payment of rent had started to "deteriorate" and because Caulfield had heard rumors the police had been out there looking for appellant a few times. Caulfield testified he found appellant and a juvenile "underneath the attic" and hidden. Caulfield told Parrish to get out of the apartment. Caulfield testified appellant picked up their stuff and left. Caulfield testified this encounter occurred on November 21, and he had not received payment of rent for that month nor for any month thereafter.
Appellant is incorrect in characterizing this incident as an eviction. The Revised Code provides the manner in which a landlord may evict a tenant, and it is clear Caulfield did not resort to eviction. Thus, appellant's argument any offender who is evicted from his legal residence is in violation of the law because he can not provide the required 7 days advance notice is not the case here.
Regarding appellant's argument he did not have a new address to give the sheriff's office, the trial court found the purpose of the statute is to permit the sheriff to locate and keep track of sexually oriented offenders, and to allow a homeless defense to the registration provision would frustrate the legislative purpose.
The record indicates although appellant may not have been able to give the required 7 day notice, had he been evicted, he made no effort to provide the sheriff's department with any notice whatsoever of his change of address. Although he is correct in his assertion, he had no mailing address, he obviously had temporary quarters, which Officer Miller had no difficulty in finding. Thus, appellant cannot argue even substantial compliance, or an attempt to comply with the statute.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court explained the concept of manifest weight of the evidence. Weight of the evidence, the Supreme Court found, concerns the amount of credible evidence offered at trial in support of one side of the issue rather than the other. Thompkins at 387, citations deleted. We have reviewed the record, and we find there was sufficient, competent and credible evidence presented to entitle the trial court to find appellant was guilty beyond a reasonable doubt.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
Gwin, P.J., Wise, J., and Edwards, J., concur
 JUDGMENT ENTRY
CASE NO. 00CA0070
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.